IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Robert S. SOSNAY, Attorney at Law.

Supreme Court

*No. 87–1702–D. Submitted on briefs November 3, 1988.—Decided December 5, 1988.*

(Also reported in 431 N.W.2d 673.)

For the appellant there was a brief by *Robert S. Sosnay,* Wauwatosa.

For the Board of Attorneys Professional Responsibility there was a brief by *John B. McCarthy,* Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We suspend the license of Robert S. Sosnay to practice law in Wisconsin for a period of 90 days as discipline for professional misconduct. That misconduct consisted of his neglect of clients' legal matters,

his failure to respond to numerous inquiries of the Board of Attorneys Professional Responsibility during its investigation of client grievances and failure to appear before the Board with regard to those grievances and his continuing to practice law while ineligible to do so. Attorney Sosnay was admitted to practice law in Wisconsin in 1973 and practices in Milwaukee. He was previously disciplined for misconduct when, in February, 1984, he consented to a private reprimand from the Board for his failure to timely furnish a mortgage satisfaction and to correspond with the attorney for the mortgagor after he had accepted funds in full satisfaction of the mortgage and had sent them to his client.

In our determination of appropriate discipline for Attorney Sosnay's misconduct considered in this proceeding, we adopt the findings of fact and conclusions of law made by the referee, Attorney Charles Van Sickle. Attorney Sosnay had stipulated to the facts.

First, in November, 1983, a woman retained Attorney Sosnay to commence a divorce action. That action was completed in October, 1986, but Attorney Sosnay failed to file the findings of fact, conclusions of law and judgment until almost six months after the judge had signed them. When the client made numerous telephone calls to ascertain the status of the matter, Attorney Sosnay gave her unreasonable explanations or excuses for his delays in the matter.

In a second matter, a woman retained Attorney Sosnay in September, 1985, to represent her in maintaining placement of an adoptive child in her home and to obtain a foster home license from the Department of Health and Social Services (DHSS), which had denied her petition for a license. Attorney Sosnay prepared and filed a petition for review of the

license denial, but DHSS denied it as not having been timely filed. Although the petition was dated January 2, 1986, it was not postmarked until January 6 and not received by DHSS until January 10, beyond the required filing deadline.

In denying the review petition, DHSS advised Attorney Sosnay that he could appeal the decision to the circuit court within 30 days of the department's order. Attorney Sosnay wrote his client that he intended to file an appeal and he then commenced an action in circuit court on February 10, 1986. However, he failed to serve the pleadings on DHSS until June 10, 1986, prompting DHSS to file a motion for dismissal on the grounds of defective service and lack of jurisdiction. The circuit court ordered Attorney Sosnay to file a brief by a specified date on the issue of whether the action should be dismissed and set a hearing on the department's motion. Attorney Sosnay failed to file the brief and also failed to appear at the hearing, with the result that the court dismissed the action.

In the course of the Board's investigation of the first of these two matters, Attorney Sosnay twice failed to respond to written requests for information; he also failed to respond to a Board request for information regarding an unrelated grievance filed by a judge concerning his conduct in a criminal appeal. Also, Attorney Sosnay failed to keep an appointment to meet with Board staff to discuss those grievances, even though he had agreed to do so. Attorney Sosnay ultimately appeared before the Board in response to a notice to appear.

The third matter involving professional misconduct concerned Attorney Sosnay's continuing to practice law while suspended from membership in the

State Bar from October 31 through December 28, 1986, for nonpayment of association dues. The court's rule, SCR 10.01(1), establishes membership in the State Bar of Wisconsin as "a condition precedent to the right to practice law in Wisconsin"; SCR 10.03(4) specifies, "No individual other than an enrolled active member of the state bar may practice law in this state or in any manner purport to be authorized or qualified to practice law." Those rules were in force during Attorney Sosnay's membership suspension. Notwithstanding that suspension, Attorney Sosnay made four court appearances representing defendants in four cases, three of which were criminal. He did not notify the court in any of them that his membership in the State Bar had been suspended and that he was consequently ineligible to practice law.

On the basis of these facts, the referee concluded that Attorney Sosnay's delay in completing the divorce action and his failure to keep the client properly informed of the progress of the matter in response to her inquiries and his failure to timely bring the appeal of the foster home license denial and his failure to file a brief and appear at the hearing on the dismissal motion constitute neglect of client legal matters, in violation of SCR 20.32(3) (1986). The referee also concluded that his failure to respond to the Board's inquiries concerning grievances and his failure to appear before the Board as agreed constitute a failure to cooperate with the Board's investigation, as required by SCR 22.07(2) and (3). Finally, the referee concluded that Attorney Sosnay's practice of law contrary to the court's rules violated SCR 20.18(2) (1986).

The referee recommended that this professional misconduct be disciplined by the imposition of a

license suspension for 90 days. Attorney Sosnay appealed, contending that his misconduct warrants discipline no more severe than a public reprimand.

We determine that a 90–day suspension of his license to practice law is appropriate discipline for Attorney Sosnay's professional misconduct in these matters. He failed to meet his responsibility to provide his clients with competent representation and to keep them advised of the status of their legal matters when specifically requested to do so. Further, he unjustifiably put at risk the interests of his clients on whose behalf he appeared in court at a time when he was ineligible to practice law. Those violations of his professional duty to his clients and his duty to the courts in which he has been licensed to appear are serious and warrant the suspension of his license to practice law. Further, we impose the 90–day license suspension to impress upon Attorney Sosnay the need to recognize and carry out his professional responsibilities to the clients and the courts he serves, as well as to deter him and other attorneys from engaging in similar misconduct in the future.

IT IS ORDERED that the license of Robert S. Sosnay is suspended for a period of 90 days, commencing January 9, 1989, as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Robert S. Sosnay pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert S. Sosnay to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Robert S. Sosnay comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.